J-S07013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO DEJESUS, | |
| Appellant | No. 1051 MDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002754-2010

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Pedro DeJesus appeals from the May 18, 2015 order dismissing his second PCRA petition as untimely.  We affirm.

We refer to the trial court's opinion on direct appeal for the factual background of this case:

> [Dejesus] was convicted of a sex offense in February 2005. Pursuant to Megan's Law, [Dejesus] was subject to lifetime registration as a sex offender. Prior to being released from prison, [Dejesus] provided the Pennsylvania State Police the address of 303 West King Street, Lancaster, Pennsylvania. Upon [Dejesus's] release from prison on March 19, 2010, Agent Mscisz, of the Pennsylvania Board of Probation and Parole (PBPP), learned that [Dejesus] was not residing at 303 West King Street. [Dejesus's] mother confirmed that [Dejesus] did not live at her address. She further informed the agent that [Dejesus] was living with his sister at 222 East Philadelphia Street, York Pennsylvania. Following further investigation,

_____
* Former Justice specially assigned to the Superior Court.

[Dejesus] was arrested for failing to register in violation of Megan's Law.

Trial Court Opinion, 6/23/11, at 1-2 (footnotes omitted).

Appellant was convicted by a jury of failure to comply with sexual offenders' registration. The Commonwealth served notice of its intent to seek the five-year mandatory sentence. The trial court sentenced Appellant to five to fifteen years imprisonment. On direct appeal, Appellant challenged the sufficiency of the evidence underlying his conviction. This Court affirmed, **Commonwealth v. Dejesus**, 48 A.3d 473 (Pa.Super. 2012), and our Supreme Court denied allowance of appeal. **Commonwealth v. DeJesus**, 50 A.3d 124 (Pa. August 13, 2012).

Appellant filed a *pro se* PCRA petition on November 8, 2012, and the PCRA court appointed counsel. Counsel filed an amended petition on his behalf, and following an evidentiary hearing, the PCRA court denied relief. This Court affirmed on appeal. **Commonwealth v. Dejesus**, 2014 Pa. Super. Unpub. LEXIS 3559.

Appellant filed this, his second PCRA petition on October 23, 2014, and an amended version on October 26, 2015. On April 22, 2015, the PCRA court issued Rule 907 notice and a thorough memorandum explaining why Appellant's reliance upon **Alleyne v. United States**, 133 S.Ct. 2151 (2013), for a timeliness exception was misplaced. The court subsequently dismissed the petition as untimely on May 18, 2015. Appellant timely appealed. He

presents eleven issues for our review, many of which are citations to the trial transcript together with a request that we pay close attention to certain testimony, and argument as to why he was wrongly convicted. Appellant also contends, however, that the United States Supreme Court decision in *Alleyne* announced a new constitutional right so as to avoid the PCRA time bar and that the trial court imposed an illegal and unconstitutional mandatory sentence.

In reviewing the dismissal of a PCRA petition, our standard of review is whether the determination of the PCRA court is supported by evidence of record and free of legal error. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa.Super. 2012) (citation and quotation marks omitted). Our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa.Super. 2014).

In order to be timely, all PCRA petitions, even second and third petitions, must be filed within one year after the defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545 (b)(1). "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012); *accord Brandon*, *supra* at 234 (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161

(Pa. 2003)) ("The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.").

"There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Brandon**, **supra** at 233-34; 42 Pa.C.S. § 9545(b)(1)(i-iii). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Jones**, **supra** at 17. In addition, the exception must be asserted within sixty days of the date when the claim could have been presented.

Appellant's judgment of sentence was affirmed by this Court on April 10, 2012, and allowance of appeal was denied by the Supreme Court on August 13, 2012. Since Appellant did not seek review to the United States Supreme Court, his conviction became final upon expiration of the period for seeking review, which was ninety days later on November 13, 2012. 42 Pa.C.S. § 9545 (b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **see** U.S. Sup. Ct. R. 13(1) (stating petition for a writ of certiorari is timely when filed within 90 days after entry of the judgment). Appellant thus had until

November 13, 2013, to file a timely PCRA petition. The within petition, filed on October 23, 2014, is untimely.

However, Appellant asserts that he falls within the timeliness exception for a newly recognized constitutional right. He alleges that the United States Supreme Court recognized a new constitutional right in *Alleyne*, *supra*, that is implicated herein. The Court therein held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, *supra* at 2163.

*Alleyne* does not provide an exception to the PCRA time-bar. Even assuming that *Alleyne* announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* is to be retroactively applied to cases on collateral review. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) ("neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final."). Thus, it does not meet the requirements for a timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii).[1] Appellant's petition is untimely and no relief is due.

_____

[1] As the Commonwealth notes, even assuming that *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013), recognized a new constitutional right that applied retroactively to cases where judgment of sentence had
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016

---

*(Footnote Continued)* ────────────

become final, the within petition was still untimely as it was filed more than one year after that decision.